IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TERRY DWAYNE LEVELS, #23099-077,   )<br>           Plaintiff,                            )<br>                                                      )<br>v.                                                 )<br>                                                      )<br>UNITED STATES ATTORNEY GENERAL, )<br>et al.,                                           )<br>           Defendants.                       ) | 3:06-CV-2191-L<br>ECF |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil action brought by a federal inmate.

Parties: Plaintiff is presently confined at the United States Penitentiary in Leavenworth, Kansas. Defendants are the United States Attorney General and the United States Attorney for the Northern District of Texas. The Court did not issue process in this case, pending preliminary screening. On January 22, 2007, the Court issued a questionnaire to Plaintiff, who filed his answers on February 2, 2007.

Statement of Case: Plaintiff brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a, seeking access to certain records in his criminal case. Specifically, he seeks grand jury materials relating to his indictment in this Court. *See United States v. Terry Dwayne Levels*, 3:92cr238-T (N.D. Tex.,

Dallas Div.). In answer to the questionnaire, Plaintiff specifies that he is only seeking disclosure of the grand jury ballot – namely the voting record of the grand jurors. (*See* Answer to Question 2). He explains that he has a constitutional and a statutory right to be indicted by twelve or more grand jurors, and that he needs to inspect the grand jury ballot to ensure that rule was followed in his criminal case. (*Id.*).[1]

Findings and Conclusions: The Court permitted Plaintiff to proceed *in forma pauperis*. The complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the District Court. *See also* 28 U.S.C. § 1915(e)(2)(B) (applicable to all *in forma pauperis* actions).[2]

Sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it fails to state a claim upon which relief may be granted. A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his

---

[1] Since a request for disclosure of grand jury transcripts is civil in nature, *see United States v. Miramontez*, 995 F.2d 56, 58 (5th Cir. 1993), the Court applied the filing fee provisions of the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

[2] Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which *a prisoner* seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b) (emphasis added).

claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

While Plaintiff does not sue this Court, it appears that his initial demand for grand jury materials pursuant to FOIA may be directed to this Court. FOIA, however, does not apply to the federal courts. *See* 5 U.S.C. § 551(1)(B) (specifically excluding federal courts from the definition of "agency" for purposes of FOIA disclosure requirements); *United States v. Miramontez*, 995 F.2d 56, 59 n.3 (5th Cir. 1993) (noting that while FOIA directs agencies of the federal government to make certain information available to the public, it excludes federal courts).

Insofar as Plaintiff requests the Court to direct an executive agency of the government -- i.e., the U.S. Attorney for the Northern District -- to disclose the grand jury materials, his claim fares no better. FOIA provides for a number of exemptions from disclosure by agencies to which it applies. FOIA Exemption 3, *see* 5 U.S.C. § 552(b)(3), allows the withholding of materials that are "specifically exempted from disclosure by statute." This exemption applies to materials made exempt from disclosure by Fed. R. Crim. P. 6(e), which qualifies as a statute for purposes of FOIA's third exemption. *Church of Scientology International v. U.S. Department of Justice,* 30 F.3d 224, 235 (1st Cir. 1994); *McDonnell v. United States,* 4 F.3d 1227, 1246 (3rd Cir. 1993). Courts have long held, while most of the rules contained in the Federal Rules of Criminal and Civil Procedure would not qualify as a 'statute' under exemption 3, Rule 6 does because it was enacted by Congress. *Fund for Constitutional Government v. National Archives,* 656 F.2d 856, 868 (D.C. Cir.1981).

Fed. R. Crim. P. 6(e) provides for secrecy in grand jury proceedings, and for nondisclosure of such proceedings. The general rule of secrecy of grand jury proceedings has

3

been held to be essential to the purpose of the grand jury process. *United States v. Proctor and Gamble Co.,* 356 U.S. 677, 681, 78 S.Ct. 983 (1958). The exceptions to the general rule are few, as evidenced by Rule 6(e)(3) of the Federal Rules of Criminal Procedure. One exception is when a court directs disclosure. *See* Fed. R. Crim. P. 6(e)(3)(E). Courts, however, have required that the party seeking disclosure must establish a "particularized need." *Miramontez*, 995 F.2d 56, 59. This involves more than a generalized hope that some defect will be found. Such fishing expeditions do not provide sufficient grounds for ordering disclosure. *See Thomas v. United States,* 597 F.2d 656, 657 (8th Cir. 1979).

Plaintiff has failed to demonstrate a particularized need for access to the grand jury ballot to justify disclosure under Fed. R. Crim. P. Rule 6(e). *See Miramontez*, 995 F.2d at 58 (citing *Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 218, 99 S.Ct. 1667 (1979)) (to meet his burden the petitioner must demonstrate that (1) the material he seeks is needed to avoid a possible injustice in another judicial proceeding, (2) the need for disclosure is greater than the need for continued secrecy, and (3) his request is structured to cover only material so needed). Plaintiff merely states that unless he is granted access to grand jury balloting, he cannot determine if he was properly indicted by 12 or more grand jurors. (Answer to Question 2). His request amounts to nothing more than a fishing expedition. *See United States v. Smith*, 2004 WL 784521, *4 (W.D. Tenn. 2004) (denying request for disclosure of grand jury ballot or concurrence form in pending criminal case because defendant failed to demonstrate a particularized need that would warrant disclosure). Moreover, contrary to his assertion *United States v. Bullock*, 448 F.2d 728, 729 (5th Cir. 1971), is distinguishable. *Bullock* involved an appeal from a judgment of conviction in which the defendant contended that the substituted

4

indictment was seen and signed only by the foreman of the grand jury and not concurred in by 12 or more grand jurors.  In this case, no such allegation is present.  Moreover, Plaintiff's conviction became final more than a decade ago and any request for post-conviction relief would now be time barred.  *See* 28 U.S.C. § 2255.  Accordingly, Plaintiff's FOIA request lacks an arguable basis in law and should be dismissed with prejudice as frivolous.[3]

Plaintiff's reliance on the Privacy Act fares no better.  The Privacy Act broadly permits agencies to withhold records made during criminal investigations and maintained in the Criminal Case File System.  *See* 5 U.S.C. § 552a(j)(2); 28 C.F.R. § 16.81(a)(4).

Nor can Plaintiff rely on 28 U.S.C. §§ 753(b) and 1361.  The former relates to court reporters, a matter not at issue in this case.  *See* 28 U.S.C. § 753(b).  The latter vests district courts with original jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  *See* 28 U.S.C. § 1361.  In this case, however, there is no arguable basis for the exercise of mandamus jurisdiction.  As noted above, Plaintiff does not have a clear right to review a grand jury ballot.  *See Dunn-McCampbell Royalty Interest, Inc. v. National Park Serv.,* 112 F.3d 1283, 1288 (5th Cir. 1997) (mandamus is available only where the plaintiff has a "clear and certain" right to relief); *Giddings v. Chandler,* 979 F.2d 1104, 1108 (5th Cir. 1992) (the defendant must

---

[3] It is unclear whether Plaintiff exhausted his administrative remedies under FOIA.  His complaint is silent as to whether he sought to exhaust administrative remedies before seeking judicial review in this Court.  *Voinche v. United States Dep't of Air Force,* 983 F.2d 667, 669 (5th Cir. 1993) (FOIA requires a complainant to exhaust administrative remedies prior to seeking judicial relief).  Nevertheless, absent a final agency decision, this Court would lack subject matter jurisdiction under 5 U.S.C. § 702.  *See* Complaint at 1 and 3 (citing 5 U.S.C. § 702-3).  Under Fifth Circuit's precedent, a district court lacks jurisdiction to review an agency's non-final decision.  *Cardoso v. Reno,* 216 F.3d 512, 518 (5th Cir. 2000).

owe a duty "so plainly prescribed as to be free from doubt" -that is, a duty imposed by statute or the Constitution- to perform a specific, nondiscretionary act).

RECOMMENDATION:

For the foregoing reasons, it is recommended that this action be DISMISSED with prejudice as frivolous.

A copy of this recommendation will be mailed to Plaintiff.

Signed this 29th day of May, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.